FILED
2018 FEB 16 PH 1: 25
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION**

Michael Glass

)
)
)
)
)
**Name of Plaintiff** )
)
**v.** )
)
Mapco Express, Inc. )
)
)
)
)
)
**Name of Defendant(s)** )

**Case No.** _____
**(To be assigned by Clerk)**
**Jury Demand** ☑Yes ☐No

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2.  Plaintiff, Michael Glass _____, is a citizen of the United States and resides at

    3261 Highway 431 _____  Spring Hill _____,
    Street address                        City

    Maury _____, TN ____, 37174 ____, (931) 286-2282 _____.
    County        State    Zip Code    Telephone Number

3.  Defendant, Mapco Express, Inc. _____ resides at, or its business is located at

    7102 Commerce Way _____  Brentwood _____,
    Street address                         City

    Williamson _____, TN ____, 37027 ____.
    County          State    Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

_____

_____

_____

_____

_____.

4.  Plaintiff sought employment from the Defendant or was employed by the Defendant at

7102 Commerce Way                                    , Brentwood                  ,
Street address                                          City

Williamson            , TN            , 37027      .
County                  State            Zip Code

5.  Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about  September            19            2016      .
                                                  Month            Day            Year

6.  Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of this Complaint on or about
November            1            2016      .
      Month            Day            Year

7.  The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on  November
                                                                      Month

18            2017            , a copy of which Notice is attached.
  Day            Year

8.  Because of Plaintiff's    disability,            the            Defendant

a._____ failed to employ Plaintiff.

b. __X__ terminated Plaintiff's employment.

c._____ failed to promote Plaintiff.

d._____ retaliated against Plaintiff for having filed a charge of discrimination.

e._____ other. Explain: _____

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

By letter, Defendant terminated Plaintiff's employment on September 19, 2016. Michael Martin, Director of Human Resources, advised that the termination was the "result of an internal investigation that involved falsification of records and other improprieties that are in violation of company policy." Plaintiff never was the subject of any disciplinary action by Defendant during the term of his employment.

On July 19, 2016, Plaintiff was severely injured in an automobile crash and was hospitalized from July 19, 2016 to July 28, 2016. He was scheduled to return to work on September 26, 2016 while continuing physical therapy. The termination also resulted in the discontinuation of Plaintiff's health care coverage.

{see attached for continued statement}

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a._____ are still being committed by Defendant.

b. __X__ are no longer being committed by Defendant.

c._____ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

     a._____ direct that Defendant employ Plaintiff, or

     b._____ direct that Defendant re-employ Plaintiff, or

     c._____ direct that Defendant promote Plaintiff, or

     d.___X____ order other equitable or injunctive relief: _____

_____.

     e.___X____ direct that Defendant pay Plaintiff back pay in the amount of

$150,000
_____ and interest on back pay;

     f.___X____ direct that Defendant pay Plaintiff compensatory damages: Specify

the amount and basis for compensatory damages: _____
Undetermined compensatory damages include medical expenses that were no longer covered.
_____.

     g.___X____ direct that Defendant pay Plaintiff punitive damages in the amount of

$500,000
_____ because Defendant engaged in a discriminatory practice or

practices with malice or with reckless indifference to Plaintiff's federally protected rights,

as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may

be appropriate, including costs and attorney's fees.

_____.
(Signature of Plaintiff)

**9. *Continued***

On September 16, 2016, Mr. Martin's letter also stated that he "made numerous attempts to contact [Plaintiff] to discuss this investigation with [Plaintiff] but have not been successful."

Mr. Martin and Plaintiff's supervisor were aware that Plaintiff's cell phone was destroyed in the wreck. Mr. Martin was aware of the email address of Plaintiff's wife and did send an email to her to arrange a meeting. That meeting never occurred as neither Plaintiff's health nor his schedule would allow for the meeting.

The termination was pretext to discriminate against Plaintiff on the basis of his disability in violation of the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act of 2008, and the laws of the State of Tennessee.

Defendant did not attempt any communication with Plaintiff to discuss any allegations of wrongdoing. Furthermore, the Defendant did not engage in any interactive process to accommodate Plaintiff's disability.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 494-2017-00158 |

Tennessee Human Rights Commission and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Michael Glass | (615) 530-6151 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1000 Worthington Lane Apt 42-101 | Spring Hill, TN 37174 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| MAPCO EXPRESS, INC | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 7102 Commerce Way | Brentwood, TN 37027 |

| Name | No. Employees, Members | Phone No *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**

| Earliest | Latest |
|---|---|
| 09-19-2016 | 09-19-2016 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above company in 2008. I most recently served as a Category Manager. On or about July 19, 2016, I was hospitalized due to a car wreck. In early September 2016, my physician issued me a return to work date of September 26, 2016. My return to work date was also communicated to my employer. On or about September, 19, 2016, I received notice that I was discharged.

The discharge notice, signed by Human Resource Director Michael Martin, alleged that I had committed a violation of policy.

I believe that I was discriminated against because of my disability and by being regarded and / or perceived as disabled, and in retaliation for requesting a reasonable accommodation of time, all in violation of the Americans with Disabilities Act Amendments Act of 2008.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 01, 2016 <br> *Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* <br> NOV 0 1 2016 |

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Michael P. Glass**<br>**3261 Highway 431**<br>**Spring Hill, TN 37174** | From: **Nashville Area Office**<br>**220 Athens Way**<br>**Suite 350**<br>**Nashville, TN 37228** |

☐     *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **494-2017-00158** | **Sylvia D. Hall,**<br>**Supervisory Investigator** | **(615) 736-5855** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Deborah Walker (POS)*

**Deborah K. Walker,**
**Acting Director**

NOV 16 2017

*(Date Mailed)*

Enclosures(s)

cc:   **Littler Mendelson, PC**
**ATTN: Chris Anderson,**
**Shana Fonnesbeck**
**333 Commerce Street**
**Suite 1450**
**Nashville, TN 37021**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.